# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CIVIL ACTION |
|---|---|
| VERSUS | NO: 09-3771 |
| Land 0.071 acres of land, more or less, situate in Parishes of Orleans and Jefferson, State of Louisiana et al. | SECTION: "C" (2) |

## ORDER & REASONS[1]

Before the Court is a Motion for Acknowledgment of Time, filed by Plaintiff, the United States of America. Rec. Doc. 11. For the following reasons, Plaintiff's motion is granted.

## I. LAW AND ANALYSIS

Rule 71.1(d)(3)(A) states that plaintiffs must make personal service of a notice of condemnation in accordance with Rule 4 on a defendant whose address is known and who lives within the United States. A defendant who has an objection or defense to the taking must serve an answer within 20 days after being served with the notice. Fed.R.Civ.P. 71.1(e)(2). Under Rule 71A(e), a landowner's failure to answer a complaint in condemnation constitutes a waiver of objections or defenses to the taking of his property. *United States v. Keller*, 142 F.3d 718 (4th Cir. 1998).

Rule 4 allows a plaintiff to notify a defendant that an action has been commenced and the plaintiff may request that the defendant waive service of a summons. Such a request must be in

---

[1] Anna Elsohn Levin, a second year student at Loyola University New Orleans College of Law assisted in the preparation of this opinion.

writing, must be sent by first-class mail or other reliable means, and must give the defendant a reasonable time of "at least 30 days after the request was sent" to return the waiver. Rule 4 further states that a defendant who timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent. Fed.R.Civ.P. 4(d)(3).

The plaintiff argues, however, that Rule 71.1(e)(2) mandates that a defendant "must serve an answer within 20 days after being served with the notice" and that Rule 71.1(a) "makes clear that where, as here, the rule speaks to a procedural issue, it preempts other rules of procedure." *United States v. Keller*, 142 F.3d 718, 722 (4th Cir. 1998). It is well-settled that in actions for eminent domain, an answer must be served "within 20 days after the service of notice upon the defendant." Fed.R.Civ.P. 71A(e). *Id*. at 722. *See also Rockies Exp. Pipeline, LLC v. 4.895 Acres of Land, More or Less, in Butler County, Ohio (Pipeline Right-of-Way Servitude) et al.*, 2009 WL 2005305 (S.D.Ohio, 2009). In *Rockies Exp. Pipeline, LLC*, the court explained that other rules of federal civil procedure apply to Rule 71.1 proceedings *unless* Rule 71.1 renders them inapplicable." 2009 WL 2005305 (S.D.Ohio, 2009)(emphasis added). The court also points out that the drafters of the Federal Rules of Civil Procedure sometimes "expressly rejected application of other rules and sometimes implicitly rejected them" while sometimes they would expressly note when rules are applicable. *Id*. Rule 71.1(e)(2) states that a defendant must serve an answer within 20 days after being served with the notice.

## II. CONCLUSION

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Acknowledgment of Time is GRANTED.

IT IS FURTHER ORDERED that defendants already served have 20 days from the date

of this order in which to serve their responsive pleading.

IT IS FURTHER ORDERED that in the future, the government shall place in bold text in the notice of condemnation pleadings that Rule 71 provides 20 days to respond, any other rule of procedure notwithstanding.

New Orleans, Louisiana, this 17th day of August, 2009.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**